1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    EDER NASCIMENTO DA
     ENCARNACAO,                          Case No.  16-cv-02522-MEJ

8              Plaintiff,
                                          **ORDER SCREENING SECOND**
9        v.                               **AMENDED COMPLAINT; REQUIRING**
                                          **DEFENDANT TO RESPOND; SETTING**
10   ANNA BERYOZKINA,                     **CASE MANAGEMENT CONFERENCE;**
                                          **INDICATING REFERRAL TO**
11             Defendant.                 **FEDERAL PRO BONO PROJECT**

12

13                              **INTRODUCTION**

14        On June 3, 2016, this Court granted Plaintiff Eder Nascimento Da Encarnacao's

15   ("Plaintiff") in forma pauperis application, but dismissed his Complaint with leave to amend.

16   First Screening Order, Dkt. No. 6.  Plaintiff filed an amended complaint on June 14, 2016.  FAC,

17   Dkt. No. 8.  On June 27, 2016, the Court found the Amended Complaint for enforcement of an

18   I-864 Affidavit of Support stated a cognizable claim and directed the Clerk of Court to issue the

19   summons and the U.S. Marshal to serve the Amended Complaint.  *Nascimento Da Encarnacao v.*

20   *Beryozkina*, Case No. 16-cv-2522 (N.D. Cal.)  ("*Da Encarnacao I*"), FAC, Dkt. No. 8; Second

21   Screening Order, Dkt. No. 9.  A summons was issued, the U.S. Marshal served the Complaint, and

22   Defendant Anna Beryozkina ("Defendant") acknowledged receipt of the summons and Complaint

23   on August 12, 2016.  *See* Summons, Dkt. No. 11; Summons Returned Executed, Dkt. No. 17.

24        After filing his initial complaint in *Da Encarnacao I*, Plaintiff commenced three additional

25   actions.  *See* Order of Consolidation, Dkt. No. 28.  All four actions appeared to stem from the

26   same alleged course of conduct: Plaintiff alleged Defendant took on the legal obligation to support

27   him financially when she sponsored his immigration to the United States, and she failed to do so.

28   Plaintiff also alleged additional wrongful acts by Defendant, including theft of his immigration

United States District Court
Northern District of California

United States District Court
Northern District of California

1    and social security documents, assault and battery, and slander. *Id.* The Honorable Donna M.

2    Ryu remanded one of the actions to state court and closed that case. *Nascimento Da Encarnacao*

3    *v. Beryozkina*, Case No. 16-cv-2899 ("*Da Encarnacao II*"), Order of Remand (N.D. Cal. filed

4    Aug. 15, 2016). The undersigned dismissed another action for failing to demonstrate a basis for

5    federal subject matter jurisdiction.   *Nascimento Da Encarnacao v. Beryozkina*, Case No. 16-cv-

6    4707 ("*Da Encarnacao III*"), Order Dismissing Compl. (N.D. Cal. filed Oct. 3, 2016).[1] The

7    undersigned then related and consolidated the remaining two actions (*Da Encarnacao I* and

8    *Nascimento Da Encarnacao v. Beryozkina*, Case No. 16-cv-4918 (N.D. Cal.) ("*Da Encarnacao*

9    *IV*")). *See* Order of Consolidation. The undersigned judge ordered Plaintiff to file a Second

10   Amended Complaint ("SAC") in consolidated Case No. 16-cv-2522 (*Da Encarnacao I*), where he

11   would join all his claims against Defendant into one complaint. *Id.* As Plaintiff would continue to

12   proceed in forma pauperis (i.e., he has not paid the filing fees to commence suit in this Court), the

13   Court informed Plaintiff it would then screen the SAC pursuant to 28 U.S.C. § 1915(e)(2). The

14   Court also ordered Defendant not to respond to the SAC until ordered to do so.

15          Plaintiff filed a SAC on October 13, 2016. SAC, Dkt. No. 33.[2] The Court now screens the

16   SAC.

17                                        **LEGAL STANDARD**

18          As noted above, while the Court previously granted Plaintiff in forma pauperis status, it

19   must still review Plaintiff's Complaint to determine whether the action may be allowed to proceed

20   under 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the Complaint if it is frivolous, fails to

21   state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

22   immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess

23   whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded."

24   *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings

25

26   _____

27   [1] The undersigned did not give Plaintiff leave to amend that complaint, but specified that "[t]o the extent Plaintiff wishes to amend to assert allegations he raised in this action against Defendant, he may do so by joining these claims to those he asserts in the Related Case No. 16-cv-2522." *Id*. at 4.

28   [2] All future docket citations are to documents found in *Da Encarnacao I*.

1    are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Moreover,

2    when dismissing a case, the Ninth Circuit has "repeatedly held that a district court should grant

3    leave to amend even if no request to amend the pleading was made, unless it determines that the

4    pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d

5    1122, 1130 (9th Cir. 2000).  Thus, unless it is clear that no amendment can cure the defects of a

6    complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity

7    to amend before dismissal.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

8                                                    **SCREENING**

9             Upon review of the allegations of the SAC, the Court finds that, liberally construed, Eder

10   Nascimento Da Encarnacao has stated (1) a breach of contract claim for enforcement of an I-864

11   Affidavit of Support; and (2) a claim for intentional infliction of emotional distress ("IIED").[3]

12            Plaintiff alleges Defendant signed an I-864 Affidavit of Support to sponsor his

13   immigration into the United States.  *See* SAC at 1-2, 5 & Ex. 1 (I-864 Form signed July 13, 2011).

14   He further alleges Defendant has denied him and his son support since July 7, 2015.  SAC at 1-2,

15   5.  "Federal courts have consistently found that a Form I-864 constitutes a legally binding and

16   enforceable contract between sponsor and a sponsored immigrant.  The terms of the Form I-864

17   provide for the appropriate measure of damages that would put plaintiff in as good a position as

18   [he] would have been had the contract been performed.  A sponsor may also be held liable for

19   legal fees and other costs of collection."  *Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1024 (N.D.

20   Cal. 2008) (internal quotation marks and citations omitted).  Plaintiff accordingly has stated the

21   existence of an enforceable contract between himself and Defendant, has alleged that Defendant

22   breached that contract by failing to support him and his son, and has alleged that he has suffered

23   damages as a result of Defendant's breach.  He has stated a claim for enforcement of an I-864

24   Affidavit of Support.

25

26   ---
     [3] The Court notes Plaintiff attaches a document from an action pending in Superior Court
27   involving both him and Defendant.  *See* SAC, Ex. 6.  The Court lacks sufficient information at this
     time to determine whether the Superior Court action relates to Plaintiff's claims in this matter, or
28   whether the ultimate resolution of that state action may impact the Court's ability to resolve this
     matter.

                                                          3

United States District Court
Northern District of California

1        To state a claim for IIED under California law, Plaintiff must allege (1) extreme and

2   outrageous conduct by Defendant with the intention of causing, or with reckless disregard for the

3   probability of causing, emotional distress; (2) he suffered severe or extreme emotional distress;

4   and (3) Defendant's outrageous conduct was the actual and proximate cause of his distress.  *See*

5   *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing *Christensen v. Super. Ct*., 54

6   Cal.3d 868 (1991)).  Plaintiff alleges Defendant withheld financial support from him and his son

7   knowing he could not provide basic necessities without her support, stole important documents

8   from him, made false reports to the police accusing him of abusing his child, made false

9   statements about him to third parties, and threatened him with bodily harm, all for the purpose of

10  avoiding compliance with her support obligations.  If true, such allegations constitute extreme and

11  outrageous conduct by Defendant, with the intention of, or reckless disregard for the probability

12  of, causing emotional distress.  He also alleges the second element of an IIED claim by stating he

13  has been humiliated, he fears for his life, and he has been diagnosed with "depression and panic

14  syndrome" for which he receives treatment, including medication.  SAC at 1, 4.  Finally, he

15  alleges the distress was caused by Defendant's conduct and her "traumatizing [him] to give up the

16  request for mandatory support."  *Id*.  Plaintiff thus has stated a claim for IIED.

17        Plaintiff references a number of other issues and grievances against Defendant.  Some of

18  them appear to support his IIED and contract claims, but others are not tied to any specific claims

19  and in some instances seek relief that the Court does not have the power to grant.  *See, e.g.*, SAC

20  ¶¶ 7-9, 11, 13-15.  For clarification, the Court is only permitting Plaintiff to proceed with his

21  contract and IIED claims at this point; it is unclear whether he intends to assert any other claims,

22  and the bases for any additional claims are unclear.

23        Plaintiff's claim for enforcement of an I-864 Affidavit of Support gives rise to federal

24  jurisdiction, and the Court may assert supplemental jurisdiction over the state law claim for IIED.

25  Defendant is not an immune defendant.

26        Having screened the SAC, the Court is satisfied Plaintiff may proceed with this case.

27  **Defendant accordingly shall respond to the SAC by November 22, 2016.**

28

United States District Court
Northern District of California

1

## CASE MANAGEMENT CONFERENCE

2   Pursuant to Federal Rule of Civil Procedure 16(b) and Civil Local Rule 16-10, a Case

3   Management Conference will be held in this case before the Honorable Maria-Elena James on

4   **December 1, 2016 at 10:00 a.m.** in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San

5   Francisco, CA 94102.  This conference shall be attended by lead trial counsel for parties who are

6   represented.  Parties who are proceeding without counsel must appear personally.

7   **IT IS FURTHER ORDERED** that no later than seven calendar days before the Case

8   Management Conference, the parties shall file a Joint Case Management Statement containing the

9   information described in the Standing Order for All Judges in the Northern District of California,

10   available at: http://cand.uscourts.gov/mejorders.  The Joint Case Management Statement form may

11   be obtained at: http://cand.uscourts.gov/civilforms.  If the statement is e-filed, no chambers copy is

12   required.

## REFERRAL

13

14   Finally, the Court will enter a separate order referring Plaintiff to the Federal Pro Bono

15   Project for the appointment of counsel for all purposes for the duration of the case.

16   **IT IS SO ORDERED.**

17

18   Dated: October 25, 2016

19   _____
    MARIA-ELENA JAMES
20   United States Magistrate Judge

21

22

23

24

25

26

27

28