UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDER NASCIMENTO DA ENCARNACAO,<br><br>Plaintiff,<br><br>v.<br><br>ANNA BERYOZKINA,<br><br>Defendant. | Case No. 16-cv-02522-MEJ<br><br>**ORDER RE: MOTION TO DISMISS AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 81 |

## INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's remaining claim for intentional infliction of emotional distress ("IIED") and have Plaintiff declared a vexatious litigant. *See* Mot., Dkt. No. 81. Counsel for both parties argued the Motion on August 31, 2017. Defendant moves to dismiss the IIED claim on the ground this Court lacks jurisdiction over the sole remaining state law claim, and on the ground the claim is barred by res judicata. *See* Mot. Having considered the parties' arguments, and with the benefit of oral argument, the Court issues the following order.

## BACKGROUND[1]

By signing an I-864 immigration form, Defendant undertook to support Plaintiff and his young son financially when Defendant sponsored them to immigrate into the United States. *See* Second Am. Compl. ("SAC"), Dkt. No. 33; Order Screening SAC, Dkt. No. 36. The relationship ended, and Plaintiff filed this case to obtain a court order enforcing Defendant's financial obligations.

---

[1] Additional factual and procedural background information can be found in the docket. *See*, e.g., Order Screening SAC; Order Consolidating Case, Dkt. No. 28; Order re Related Case, Dkt. No. 71.

In the SAC, Plaintiff asserts a breach of contract claim based on Plaintiff's alleged failure to perform her obligations under the Form I-864. On February 27, 2017, the parties settled this claim, at least to the extent any claims for support had accrued as of December 31, 2016. *See* Dkt. No. 59.[2]

Plaintiff also asserts an IIED claim under California state law:

> Plaintiff alleges Defendant withheld financial support from him and his son knowing he could not provide basic necessities without her support, stole important documents from him, made false reports to the police accusing him of abusing his child, made false statements about him to third parties, and threatened him with bodily harm, all for the purpose of avoiding compliance with her support obligations. . . . He also alleges . . . he has been humiliated, he fears for his life, and he has been diagnosed with "depression and panic syndrome" for which he receives treatment, including medication. Finally, he alleges the distress was caused by Defendant's conduct.

Order Screening SAC at 4 (citing SAC). The threat of bodily harm was based on Plaintiff's allegation that Defendant sped towards Plaintiff in her car, causing Plaintiff to fall when he got out of her way after hearing the noise of the engine. SAC ¶ 13; *see also* Issues, Dkt. No. 52 at ECF p.6 (declaring Plaintiff had been feeling pains in wrist and ankle since March 2015 after Defendant attempted to kill him using her car; he "fell on the floor, and got up it felt painful. . . . I will have to begin physical therapy due to the gravity of the fracture, and maybe undergo surgery.").

On April 3, 2017, Plaintiff filed an action in small claims court asserting a claim for "IIED under California Law for extrem[e] and outrageou[s] conduct by [Defendant] with the intention of causing or with reckless disregard for the probability of causing emotional stress. I suffered severe or extreme emotiona[l] distress, and for broken wrist and ankle." First Finn Decl., Ex. 1, Dkt. No. 81-2. Plaintiff alleged this conduct took place between April 21, 2015 until December 3, 2016. *Id*. Plaintiff requested $10,000 in damages, which he calculated based on "moral damages, psychologic[al] damages and false accusations, false denunces, took all of immigrations documents and SSN and premeditated plot." *Id*.

---

[2] Plaintiff represents the last day for seeking additional support for new claims under Form I-864 was June 2, 2017, and that he has "resolve[d] not to make any further claims on the I-864 contract" for himself. Opp'n to Mot. to Relate at ¶ 12, Dkt. No. 82.

2

1    The small claims court conducted a trial in Plaintiff's case on June 13, 2017. First Finn
2    Decl. ¶ 4, Dkt. No. 81-1. Plaintiff argues he presented evidence during the trial, and that the small
3    claims court allowed him to submit medical bills afterward. Opp'n at 2-3. The medical bills he
4    submitted to the small claims court and filed in this action show claims for services rendered to
5    Plaintiff by Stanford Hospital for repair/graft wrist bone, lower arm surgery, imaging, pharmacy,
6    and other associated costs. *See* Gray Decl., Ex. 2, Dkt. No. 85-3.

On August 3, 2017, the small claims court entered judgment on Plaintiff's IIED claim, and found Defendant did not owe Plaintiff any money. Second Finn Decl., Ex. 1, Dkt. No. 88-2.

Defendant now seeks to dismiss Plaintiff's remaining IIED claim and to declare Plaintiff a vexatious litigant. The basis for the res judicata argument is that the identical claim was fully and finally adjudicated in small claims court. *See id*.

## DISCUSSION – MOTION TO DISMISS[3]

### A.   Legal Standard

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks and citation omitted). In order to bar a claim under res judicata, the prior case must: (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties. *Id.*; *see also Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993) (citations omitted). The "central criterion" in determining whether the same claims are asserted is "whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (internal quotation marks and citation omitted). For purposes of res judicata, "[a]n involuntary dismissal generally acts as a judgment on the merits . . . regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims." *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) (citing cases). "It is well established

---

[3] Defendant also asked the Court to dismiss *Da Encarnacao VI*, 17-cv-3410-MEJ, with prejudice. *See* Mot. at 1. As discussed during the hearing, the Court lacks jurisdiction to do so, as Plaintiff already dismissed the action voluntarily. *Da Encarnacao VI*, Dkt. No. 8.

3

that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments."
*Pitzen v. Superior Court*, 120 Cal. App. 4th 1374, 1381-82 (2004) (citation omitted).

**B.      Analysis**

Res judicata bars Plaintiff's IIED claim in this action.

First, the two suits arise out of the same nucleus of facts: both suits involve the same allegations of stealing important documents, making false accusations about Plaintiff, and injuring Plaintiff's wrist and ankle. Out of these facts, Plaintiff asserted an IIED claim in the small claims court action, and asserts the same IIED claim before this Court.

Second, the judgment entered on August 3, 2017 is a final judgment on the merits, finding Defendant did not owe Plaintiff any money.[4] Second Finn Decl., Ex. 1; *see Pitzen*, 120 Cal. App. 4th at 1381.

Third, Plaintiff filed the small claims court action against Defendant; that action therefore

---

[4] Counsel for Plaintiff did not represent Plaintiff in the small claims court action. Counsel explained he understood that "the evidence relating to [Plaintiff's] medical injuries caused by the most outrageous conduct by the Defendant, namely her running [Plaintiff] over with her car, [was] not before that Court. As such, we don't believe there could be res judicata" as to the claim. 8/31/2017 FTR Rec. at 10:52-58 (res judicata discussion). Plaintiff had filed a brief stating small claims court "Judge Susan M. Jakubowski did not allow[] payment of damages caused by [Defendant]" because Plaintiff had failed to serve his medical records upon Defendant. *See* Pl.'s Br., Dkt. No. 89. The Court struck that brief (Order Striking Pl.'s Br., Dkt. No. 90), but at the hearing, counsel asked the Court to take the Declaration as evidence in connection with this Motion. Plaintiff misapprehends the nature of this evidence: Plaintiff's Declaration and the documents attached thereto do not show the small claims court decided not to award Plaintiff any damages because he failed to serve Plaintiff with copies of his medical bills; nor do they show evidence of Plaintiff's injuries and medical bills were not before the small claims court. The minute order Plaintiff attaches to his Declaration shows Judge Jakubowski held a small claims hearing on June 13, 2017, accepted exhibits, allowed Plaintiff to submit medical bills to the Court "with a copy served on Defendant by 7/13/17[,]" allowed Defendant to respond by July 27, 2017, and took the matter under submission. *See* Pl.'s Br. at ECF p.7. Counsel for Defendant stated in open court that she had attended the June 13th trial, that both Plaintiff and Defendant testified about their versions of the events surrounding the car accident, that Plaintiff produced evidence, that he subsequently provided his medical bills to the small claims court, and that Defendant had an opportunity to respond. *See* 8/31/2017 FTR Rec. at 10:52-58. Moreover, in opposing the Motion to Dismiss, counsel for Plaintiff appears to suggest Plaintiff did in fact submit those medical bills to the small claims court. *See* Opp'n at 3 & Gray Decl., Ex. 2 (attaching medical bills). The small claims court judgment thus did encompass the injuries allegedly caused by Defendant "running [Plaintiff] over with her car."

4

1 involved identical parties.

2 For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's IIED claim on res judicata grounds. The dismissal is WITH PREJUDICE, and Plaintiff may not refile the IIED claim in federal or state court.

The Court also declines to exercise supplemental jurisdiction over Defendant's remaining IIED claim. That claim is dismissed without prejudice to Defendant refiling it in state court.

## DISCUSSION—VEXATIOUS LITIGANT

### A. Legal Standard

District courts have the inherent power to enter pre-filing orders against vexatious litigants. *See* 28 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although the Ninth Circuit has cautioned that they "should rarely be used" (*id.*), such pre-filing orders may nevertheless be appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Before imposing a pre-filing order, courts must (1) give the litigant notice and an opportunity to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) draft an order that is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48.

### B. Application of the *De Long* Factors

The *De Long* factors weigh in favor of a limited pre-filing order.

Plaintiff was given notice and opportunity to be heard multiple times. The Court ordered him to file two declarations to explain why his conduct should not be considered an abuse of the judicial process. Dkt. Nos. 71, 76. Defendant thereafter moved to have Plaintiff declared a vexatious litigant and Plaintiff, represented by counsel, responded in writing and was heard by the Court. This provides fair notice. *See Molski*, 500 F.3d at 1057.

There is an adequate record for review. The Court has repeatedly listed the cases Plaintiff filed against Defendant. *See supra*; *see also* Order Consolidating Cases; Order Screening SAC;

Order re Related Case; Order Granting in Part Pl.'s Request for Extension, Dkt. No. 76. Most of these cases involved duplicative claims for support under Form I-864 and/or for IIED based on allegations Defendant important documents, made false accusations, or assaulted Plaintiff with her car. *See* 16-cv-2899 DMR (I-864; alleging Defendant stole immigration documents) (remanded because Plaintiff improperly removed action he filed in state court); 16-cv-4918 MEJ (I-864, stealing immigration and Social Security documents) (related to this action); 16-cv-4707 MEJ (alleging Defendant stole immigration documents, filed false police reports, attacked Plaintiff with car) (dismissed with prejudice with instructions: "To the extent Plaintiff wishes to amend to assert allegations he raised in this action against Defendant, he may do so by joining these claims to those he asserts in the Related Case No. 16-cv-2522, in which he alleges similar claims against the same Defendant pertaining to the same underlying facts as this case. Under Federal Rule of Civil Procedure 18, Plaintiff may assert independent or alternative claims against a party—in other words, it is not necessary for Plaintiff to file separate cases to alleged different claims against one defendant. Filing multiple separate actions against the same Defendant is often inefficient and wastes both the parties' and the Court's time and resources."); 17-cv-2504 MEJ (asserting claims arising out of Form I-864 Form I-134 for support on behalf of Plaintiff's son, and stolen immigration documents) (Defendant was served on August 17, 2017 and instructed by this Court not to respond at this juncture); 17-cv-3410 MEJ (accusing Defendant of committing tax fraud; "[m]isappropriations of documents . . . with the intention of committing fiscal crime against the federal treasury"; referring to Defendant's obligation of support) (voluntarily dismissed after Court asked Plaintiff to demonstrate filing was not abuse of process and not intended to harass Defendant).[5] In addition, this Court and others have repeatedly ordered Plaintiff to cease filing Defendant's confidential personal information publicly, and to cease filing random documents on the docket that were not requested by the Court or connected to any motion. *See, e.g.*, Order

---

[5] To the extent Plaintiff contends he did not understand the Court's order not to file additional cases also extended to these allegations of criminal conduct, the Court already explained that "Plaintiff does not have standing to prosecute criminal claims in this Court." Order Dismissing Compl., 16-cv-4707, Dkt. No. 7 at 4.

Sealing Document, Dkt. No. 38; Order Striking Pl.'s Br.; 12/1/2016 FTR Rec. at 10:34-10:48; 17-cv-2504, Dkt. Nos. 5, 10.

The five factors set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986) provide "a helpful framework for applying the two substantive factors (factors three and four)" of the *De Long* test. *Molski* , 500 F.3d at 1058. The *Safir* factors are: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. The Court already has summarized Plaintiff's history of litigation above and now addresses the remaining *Safir* factors.

The Court cannot find that Plaintiff lacked an objective good faith expectation of prevailing on his original claim for support; indeed, he successfully settled that claim in February 2017. With respect to some of his other actions, the Court observes Plaintiff has a young son whom he is trying to support, is not familiar with the American legal system, is representing himself, and is not fluent in English. In Declarations, Plaintiff assured the Court he did not attempt to harass Defendant or abuse the judicial process. *See, e.g.*, Dkt. No. 79 ¶ 6. The Court is loath to impugn a nefarious motive to Plaintiff under these circumstances, and finds no conclusive objective evidence of such motive for the first four cases he filed in this Court. Nevertheless, Plaintiff continued to file new cases after the Court expressly informed him of the improper nature of such conduct, and after the Court ordered him to stop filing new cases against Defendant; this evidences an improper motive.

Plaintiff argues the newest two new cases he filed are not duplicative, and he did not understand they fell within the Court's order to stop filing new cases. Setting aside the fact these filings violated the Court's order, the Court cannot find Plaintiff had a good faith basis for filing them. Plaintiff filed the tax evasion case (17-cv-3410) after being informed by the Court that he lacked standing to pursue criminal claims against Defendant in this Court (*see supra*, n.5).

Plaintiff also argues case 17-cv-2504 is not duplicative because it is filed on behalf of his son and requests support based on Form I-134 – not Form I-864. *See* Opp'n to Mot. to Relate at Ex. 2; Decl., Dkt. No. 83. As an initial matter, the Second Amended Complaint refers both to Form I-134 and Form I-864 and appears to request support under both "contracts." *See* Case No. 17-cv-2504, Dkt. No. 14. It is thus duplicative, at least to some extent.[6] Second, Plaintiff cannot have had a good faith expectation of prevailing on this claim because an I-134 Form does not carry the same contractual obligations created by an I-864 Form. *See Kalincheva v. Neubarth*, 2012 WL 5328616, at *4 (E.D. Cal. Oct. 26, 2012) ("'The contractual obligations imposed by the [Illegal Immigration Reform and Immigrant Responsibility Act of 1996] on an affidavit of support made on an I-864 Form do not attach to affidavits of support made on an old I-134 Form.'" (quoting *Cobb v. Cobb*, 2012 WL 2620524, at *3 (E.D. Cal. July 5, 2012))); *Cheshire v. Cheshire*, 2006 WL 1208010, at *2 (M.D. Fla. May 4, 2006) ("[F]ederal courts have consistently found that Form I-134 is not a legally enforceable contract against a sponsor by a sponsored immigrant") (citing cases)); *Tornheim v. Kohn*, 2002 WL 482534, at *4 (E.D. N.Y. Mar. 26, 2002) (contractual obligations imposed through I-864 Form "do not attach to affidavits of support made on an old I-134 Form. As such, this Court finds that an affidavit of support on an I-134 Form is not a legally binding contract"). The Court is especially concerned because Plaintiff was represented by counsel in this action. His conduct suggests he either failed to consult counsel about filing the two new actions or ignored counsel's advice not to do so.

In each of the aforementioned cases, Plaintiff requested to proceed in forma pauperis, which required the assigned judges to review his IFP applications, screen his complaints pursuant to 28 U.S.C. § 1915, order service through the U.S. Marshals, wade through duplicative claims,

---

[6] To the extent Plaintiff argues the claim for support is not duplicative because it was made on behalf of his son, the Court notes Plaintiff appears to have released claims for support for both him and his son through 2016. Plaintiff's complaint in the instant case alleged Defendant failed in her obligation to support "Plaintiff and his minor child in the United States. . . . Defendant gave Plaintiff and his son no support . . . the income for Plaintiff and his son is not at the required level, and has not been compensated for the many months last year." FAC ¶¶ 7-9. Plaintiff settled his support claim and dismissed it with prejudice. *See* Dkt. No. 63 (dismissal); Opp'n to Mot. to Relate, Ex. A (Plaintiff agreed to settle breach of contract claim through 2016).

1 and coordinate the cases appropriately. Plaintiff also repeatedly filed in the public docket confidential information that needed to be redacted, and repeatedly filed documents that were not requested by the Court nor connected to any motion. Through such acts, Plaintiff imposed unnecessary burdens on the Court. The multiple actions also imposed unnecessary burdens on Defendant, who was forced to respond to each new filing.

Plaintiff is proceeding IFP, and therefore does not have the resources to pay financial sanctions. Plaintiff was ordered to stop filing additional cases against Defendant without prior authorization of this Court. *See* Order Consolidating Case. Any case Plaintiff filed that asserted related claims against Defendant arising out of the breach of support, IIED, theft, false accusations, etc., would be related to this case and assigned to the undersigned. *See* Civ. L.R. 3-12. The Court had inherent authority to control its docket, and Plaintiff shared the responsibility "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Despite being represented by counsel, Plaintiff filed two additional cases against Defendant in direct violation of the Court's order prohibiting him to do so. As other sanctions have been ineffective, the Court cannot find that other sanctions would be adequate.

Based on this record, the Court finds a narrowly drawn pre-filing order closely fitting the specific conduct is warranted: Plaintiff Eder Da Encarnacao shall obtain pre-filing review of any new action he files or causes to be filed against Defendant Anna Beryozkina in the Northern District of California.

The Clerk of the Court shall not file or accept any further complaints filed by Plaintiff against Anna Beryozkina. If Plaintiff wishes to file a complaint against Anna Beryozkina, he must first provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing. Any violation of this order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

## CONCLUSION

Defendant's Motion to Dismiss the remaining IIED claim is GRANTED. As the claim is

barred by res judicata, it is dismissed with prejudice to refiling it in state court. Defendant's Motion to Declare Plaintiff a Vexatious Litigant is GRANTED as described above.

**IT IS SO ORDERED.**

Dated: September 8, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge